**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JIMMY LAMONT ROBERTS**                                            **PETITIONER**

**v.**                                                      **No. 1:22CV113-SA-JMV**

**EAST MISSISSIPPI CORRECTIONAL FACILITY, ET AL.**          **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jimmy Lamont Roberts for a writ of *habeas corpus* under 28 U.S.C. § 2254.   The State has moved [19] to dismiss the petition for failure to state a valid *habeas corpus* claim, for want of substantive merit, and for failure to exhaust state remedies.   The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution.   For the reasons set forth below, the motion [19] by the State to dismiss will be granted, and the instant petition will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient.   Duker, The English Origins of the Writ of Habeas Corpus:   A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934).   It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States.   Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it.   *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789.   *Habeas*

*corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966.   The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases.   The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.   Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of

the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held

by a *state* in violation of the supreme law of the land.   *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct.

582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

In the instant petition for a writ of *habeas corpus*, Roberts challenges the Parole Board's

finding that he is ineligible for release on parole.   Doc. 1 at 5.   He claims that he has served

over fifty percent of his twenty-year sentence on his statutory rape charge; thus, according to

Roberts, he has served all the time required of him under Mississippi law.   Doc. 1 at 5.   As

discussed below, he is mistaken.

## Procedural History[1]

### Circuit Court Proceedings

On August 4, 2008, a Lowndes County grand jury indicted Roberts on a single charge of

---

[1]  The court has drawn the facts and procedural history from the State's Motion to Dismiss, as they are both undisputed and well-documented.

statutory rape. Exhibit A[2] (Indictment). At the time of his indictment, he was on post-release supervision arising out of a previous conviction for burglary of a dwelling. Exhibit B (Revocation Order). On May 1, 2009, the Lowndes County Circuit Court revoked Roberts' post-release supervision. *Id*. On September 3, 2010, Roberts filed a petition in cause number 2008-351-CR1 in the Circuit Court of Lowndes County to enter a guilty plea on the statutory rape charge. Exhibit C (Plea Petition). The petition noted that the District Attorney was recommending to the circuit court that Roberts serve twenty years in the custody of MDOC (the statutory minimum sentence), with five years on post-release supervision. Exhibit C. That same day, the Circuit Court of Lowndes County accepted Roberts' plea and imposed a sentence of twenty years to serve in MDOC custody – with five years on post-release supervision. Exhibit D (Sentencing Order).

**Post Conviction Proceedings Related to Parole**

On December 7, 2021, Roberts filed a motion for post-conviction relief ("PCR") in his statutory rape case (Cause number 2008-351-CR1K) informing the circuit court that he had served eleven years on that charge; and thus, according to Roberts, he had "done half of [his] time" on his twenty-year sentence, allegedly making him eligible for parole. Exhibit E (Parole PCR motion). On March 3, 2022, the Circuit Court "decline[d] to recommend the Defendant for parole" because he pled guilty to a sex offense and thus was ineligible for parole under Mississippi Code Annotated § 47-7-3(1)(b). Exhibit F (Order Denying Relief).

On March 28, 2022, Roberts filed a motion for reconsideration of his PCR motion requesting parole. Exhibit G (Motion for Reconsideration). On June 20, 2022, Roberts

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's response to the instant petition for a writ of habeas corpus.

renewed his request for parole in the trial court and included civil conditions of confinement claims from a previously filed civil cause of action (Cause number 2010-0114) in the Lowndes County Circuit Court. Exhibit H (Second Parole PCR Motion).[3] Roberts then filed an additional complaint addressed to the circuit court clerk inquiring why she had not granted him parole. Exhibit I (Clerk Correspondence).

On August 9, 2022, Roberts filed a motion that, liberally construed, sought to amend his Second Parole PCR Motion to include a number of civil claims concerning his prison conditions. Exhibit J (Motion to Amend). The circuit determined that, because Roberts had made allegations in his PCR proceeding of crimes being committed against him at his place of incarceration, East Mississippi Correctional Facility ("EMCF"), the PCR motion should be dismissed without prejudice to be refiled in the county where the prison was located. Exhibit K (Order Denying Second Parole PCR).

**Federal *Habeas Corpus* Proceedings**

On May 13, 2022, Roberts signed and submitted the instant petition for writ of *habeas corpus*. Doc. 1. In his petition, Roberts argues that he is incarcerated in violation of his Fifth Amendment right to due process and Eighth Amendment prohibition against cruel and unusual punishment under the United States Constitution. Doc. 1 at 5. In support of Ground One, Roberts maintains that he is being held in custody despite a superseding change in Mississippi law (Senate Bill 2295), which went into effect after he was sentenced on his statutory rape

---

[3] Roberts filed a number of post-conviction motions in the Lowndes County Circuit Court in cause number 2010-0114-CVH that were unrelated to parole and thus not relevant to these proceedings. Exhibit L (Docket, Cause No. 2010-0114-CVH). Roberts' federal *habeas corpus* petition does not challenge his revocation for the burglary charge or his guilty plea or sentence on the underlying statutory rape charge. *See* Doc. 1.

charge.   Doc. 1 at 5.   Roberts argues that the change in law entitles him to release on parole on the twenty-year sentence he is serving for statutory rape.

Roberts alleges that he has exhausted his state remedies on Ground One by filing a petition for parole and post-conviction relief in the circuit court.   Doc. 1 at 5.   He seeks an order for EMCF "to parole [him] by the parole board."   Doc. 1 at 15.   The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted, for failure to exhaust state remedies, and for want of substantive merit.

### Discussion

As discussed below the petitioner's claims fail to state a claim, lack substantive merit, and have not been exhausted in state court.

### Parole Eligibility

### Not a Valid Claim for *Habeas Corpus* Relief

Roberts argues that a change in Mississippi law has rendered him eligible for parole. However, the mere *eligibility* for parole is not a proper issue for resolution through a petition for a writ of *habeas corpus*.   *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005).   "A petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law [ ] is not a basis for [federal *habeas corpus*] relief."   *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted). Parole eligibility is an issue arising entirely out of Mississippi law, and claims arising solely out of state law cannot form the basis for federal *habeas corpus* relief.   *Id.*   "Mississippi law does not create a constitutionally protected liberty interest in parole itself because parole is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole" or in "an expectation of receiving" a parole hearing.   *Id.*   The issue of parole eligibility in Mississippi

thus arises out of state law only, which does create a federal due process right; as such, Roberts'
allegations regarding parole eligibility must be dismissed for failure to state a claim upon which
relief could be granted.

**Parole Eligibility Claim Fails on the Merits Under State Law**

Nonetheless, even if Roberts' parole eligibility arguments stated a valid *habeas corpus* claim,
they fail on the merits.   Roberts argues that he is entitled to parole because of a 2021 amendment
to the Mississippi statute on parole eligibility.    To support this claim, he cites Miss. Code Ann. §
47-7-3(1)(h)(i)(2), which provides:

> A person who is sentenced for a violent offense as defined in Section 97-3-2, except
> robbery with a deadly weapon as defined in Section 97-3-79, drive-by shooting as
> defined in Section 97-3-109, and carjacking as defined in Section 97-3-117, shall be
> eligible for parole only after having served fifty percent (50%) or twenty (20) years,
> whichever is less, of the sentence or sentences imposed by the trial court….

Miss. Code Ann. § 47-7-3(1)(h)(i)(2).

This provision did not, however, amend the subsection of the parole statute prohibiting
sex offenders from being released on parole.   Under Mississippi Code Annotated section 47-7-
3(1)(b):

> Any person who has been sentenced for a sex offense as defined in Section 45-33-
> 23(h) *shall not be released on parole* except for a person under the age of nineteen
> (19) who has been convicted under Section 97-3-67[.]

Miss. Code Ann. § 47-7-3 (1)(b)(emphasis added).   Section 45-33-23(h)(ii) defines statutory
rape in violation of Miss. Code Ann. § 97-3-65(1)(a) as a sex offense.   As set forth above,
Roberts was indicted for statutory rape, pled guilty to the offense, and was sentenced in 2010 to
twenty years' incarceration.   *See* Exhibits A, C, and D.   As such, he is not entitled to parole; his
claim challenging his parole eligibility is meritless, and it will be dismissed with prejudice.[4]

---

[4] As previously discussed, Roberts' parole eligibility claim is a state law issue which is
not a valid *habeas corpus* claim.   In addition, as discussed below, Roberts' claim also fails

## Failure to Exhaust State Remedies

The instant petition must also be dismissed because Roberts did not exhaust state remedies before seeking *habeas corpus* relief in this court. "A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine "[gives] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In this case, Roberts argues that he exhausted his state court remedies because he petitioned *the trial court* for a parole hearing and has filed a civil rights suit concerning his parole eligibility *in the circuit court*. Doc. 1 at 5. Roberts did not, however, appeal the circuit court's decision denying his request for a parole hearing to the state's highest court – as required for exhaustion. Neither did he challenge the circuit court's dismissal of his PCR motions

---

because he did not exhaust state remedies before seeking *habeas corpus* relief. Nonetheless, the court may also deny relief for this claim on the merits and will do so in this case. *See* 28 U.S.C. § 2254(b)(2) (permitting a court to deny *habeas corpus* relief on the merits despite the petitioner's failure to exhaust state remedies).

regarding parole, as confirmed by a search of the Mississippi Supreme Court's online docket.[5]

Roberts thus has not presented the issue of his parole eligibility to the state's highest court – and

has failed to exhaust his state remedies before seeking federal *habeas corpus* review.

### Conclusion

For the reasons set forth above, the State's motion to dismiss for will be granted, and the

instant petition for a writ of *habeas corpus* will be denied with prejudice for failure to state a valid

*habeas corpus* claim and on for want of substantive merit.   In the alternative, the instant petition will

be dismissed without prejudice for failure to exhaust state remedies.   A final judgment consistent with

this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of May, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

---

[5] In addition, counsel for the State searched the Mississippi Electronic Court System in both Lowndes and Lauderdale County Circuit Courts and did not find such a challenge in those courts.